## JOHN HUGGINS *v*. THE STATE.

PROOF OF VENUE.—The great number of reversals necessitated by want of proof of venue should admonish judges and prosecuting attorneys to the exercise of especial care, when an appeal is taken, in having such proof, if made at the trial, embodied in the statement of facts.

APPEAL from the District Court of Webb. Tried below before the Hon. E. DAUGHERTY.

*A. L. McLane*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J. We have searched in vain in the record to find any proof of venue in this case. The indictment charges the defendant with the theft of two geldings, the property of one Nicholas Sanches, and that the offense was committed in Webb county. The nearest approach to the proof of venue, as shown by the statement of facts, is in the testimony of Ruperto Sanches, a son of Nicholas Sanches. This portion of his testimony we here copy. It says:

" That, on the 17th of February, 1877, there were thirty head of horses stolen from his father's ranch, in their range. They belonged to my father, Nicholas Sanches. On Sunday, the 18th, myself and twelve others took up the trail and followed it to where King Fisher was camped, on Chicon creek, distant some forty odd leagues from the range of the horses," etc. Near the camp of Fisher they found two horses hobbled, which were a part of the thirty stolen on the 17th. No witness, so far as the statement of facts shows, tells in what county Nicholas Sanches lives, or where his said ranch is situate. After so many decisions made on this point, and when the court must know its materiality, it does seem to us that county attorneys and county and dis-

trict judges would be more particular ; and that in preparing a statement of facts they would especially see to it that the proof of venue, if made, should be included.

The judgment of the district court is reversed and the cause remanded.

*Reversed and remanded.*